STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-03

TDW-CUM- 6/7/2013

ALEKSANDAR GLUIC,

    Plaintiff

v.

                ORDER

SECRETARY OF STATE,

    Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

JUN 0 7 2013

**RECEIVED**

Before the court is Aleksandar Gluic's appeal from a suspension of his provisional license for failure to submit to a test to determine his blood alcohol level. Gluic was underage and was not entitled to operate a vehicle with any amount of alcohol in his blood. He received an extended suspension based on the Secretary's determination that he had failed to submit to a test and on the presence of a passenger under 21 years old in his vehicle.

The court has reviewed the briefs and the record and had a brief telephonic discussion with counsel on June 6, 2013.

In this case Gluic was given four opportunities to provide a test result by blowing into the intoxilyzer. The first try[1] was aborted when he burped immediately after the first sample. Three other attempts resulted in a reading of "invalid sample."[2] Gluic argues that the evidence shows that he did his best to perform the test and that under those circumstances he should not receive an extended suspension for a refusal.

---

[1] Wait period beginning at 1:54 am. See R. Tab 7 at page 1.

[2] Wait periods beginning at 2:20 am, 2:52 am, and 3:32 am. See R. Tab 7 at pp. 2-3,5.

He does not contest that he was driving under the influence with an underage passenger and is not contesting the shorter suspension he received on those grounds.

There is no dispute that a test result was not obtained. The first legal issue is whether, under the statute, a failure to submit to and complete a test must be willful before a suspension can be imposed or whether the statute imposes suspension on a strict liability basis when a test is attempted but is unsuccessful for any reason.

Under 29-A M.R.S. § 2521(1) drivers have a duty "to submit to and complete" a test. If there is probable cause to believe they have operated a motor vehicle while under the influence, the Secretary of State shall immediately suspend the license of a person "who fails to submit to and complete a test." 29-A M.R.S. § 2521(5). If a hearing is requested as to a refusal, the scope of the hearing must include (1) probable cause that a person operated while impaired, (2) whether the person was informed of the consequences of failing to submit to a test, and (3) whether "the person failed to submit to a test." 29-A M.R.S. § 2521(8).

There is no statutory language in any of these provisions specifying that the failure must be "willful." However, there is language in State v. Chase, 2001 ME 168 ¶ 8, 785 A.2d 702, which indicates that suspensions for refusals are aimed at drivers who do not cooperate in obtaining their blood alcohol level. In Chase the Law Court stated:

> In sum, limitations on the use of evidence of the refusal are tailored to address those circumstances in which a defendant does not cooperate in obtaining evidence of his blood-alcohol level or otherwise fails to take the test. With an intended purpose of protecting drivers from unwittingly incurring the more draconian penalties attendant to a refusal, the informed consent laws simply do not speak to the admissibility of a test that has, in fact, been completed.

Id. (emphasis added)

2

This language does not unequivocally support a finding that the failure to submit to and complete a test must be willful. Although the Court referred to a defendant who "does not cooperate," it included within the same sentence a defendant who "otherwise fails to take the test." This leaves open the possibility that penalties could conceivably apply to a driver who is not uncooperative but who for some other reason fails to complete a test. The following sentence, however, refers to drivers who "unwittingly" incur the penalties of a refusal, which suggests that the statute does not result in strict liability whenever a test result is not obtained.

The court concludes that where a failure to complete a test results from a failure to provide a sufficient sample despite a good faith effort, the applicable statute should not be interpreted to impose a suspension. The legislative language – while not requiring an outright "refusal" – appears to be aimed at drivers who are uncooperative rather than at drivers who are making a good faith effort to comply.[3]

The hearing examiner applied that standard in this case. She found that there was no evidence that Gluic was incapable of performing the test or that the intoxilyzer was malfunctioning and found the only other possibility was "voluntary noncompliance." R. Tab 5 at 56. See id. at 57 ("no evidence on this record that would show me that this was no fault of the petitioner's"). However, this appears to have placed the burden of proof on Gluic to establish that he had not voluntarily failed to complete the test.

In this case Gluic had conceded to the officer that he had consumed alcohol. Since he was a minor with a zero tolerance, his counsel argues with some force that

---

[3] Thus the language that a driver must "submit to and complete" a test is aimed at drivers who do not decline a test outright but who then attempt to prevent a test result from being obtained by voluntarily failing to perform the test in a manner that would yield a result.

3

having made that concession, Gluic had no reason to subvert the test. Second, the fact that the officer gave him four opportunities to obtain a test result is inconsistent with a belief on the part of the officer that Gluic was trying to be uncooperative. Finally, the only evidence as to why Gluic did not obtain a test result was that he was blowing very hard and that the problem was that he was "exhaling so much that he started to breathe in on the tube while he was exhaling." R. Tab 5 at 44. See id. at 14, 39. This is consistent with a person who is nervous and is trying to hard. There is nothing in the officer's testimony to suggest that the officer believed or had any basis to believe that this was purposeful behavior on Gluic's part.

Because Gluic concedes that he had consumed alcohol and had an underage passenger in his car, he is subject to a suspension of one year plus 180 days. 29-A M.R.S. § 2472(3), (3-A). The additional six month suspension for a refusal will be vacated.

The entry shall be:

The decision of the hearing examiner as to plaintiff's refusal is overturned, and the case is remanded to the Secretary with instructions to reduce Gluic's suspension from 18 months plus 180 days to one year plus 180 days. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _7_, 2013

Thomas D. Warren
Justice, Superior Court

4

Date Filed __1-16-13__ __CUMBERLAND__ County     Docket No. __AP-13-3__

Action _____80C APPEAL_____

ALEKSANDAR S GLUIC

BUREAU OF MOTOR VEHICLES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS GRECO ESQ<br>17 CRESCENT ST<br>BIDDEFORD, ME 04005 | DONALD MACOMBER, AAG<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |